DAVID S. RATNER (SBN 316267)
SHELLEY A MOLINEAUX (SBN 277884)
RATNER MOLINEAUX, LLP
1990 N. California Blvd, Ste 20
Walnut Creek, CA 94596
Tel: 925.239.0899
Fax: 925.891.3818
Email: David@RatnerMolineaux.com
        Shelley@RatnerMolineaux.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MINGTE CHEN,<br><br>                                Plaintiff,<br><br>v.<br><br>INFOR, INC. and DOES 1 through 20, inclusive;<br><br>                                Defendants. | **Case No.:**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Age Discrimination in violation of FEHA, Cal. Gov't Code §12940;<br>2. Age Discrimination in Violation of Employment Act of 1967, as amended, 29 U.S.C. § § 621 to 634;<br>3. Failure to Take Preventive Action in violation of FEHA, Cal. Gov't Code Section 12900, 12940(k) et seq;<br>4. Racial and/or Ethnic Origin Discrimination in Violation of Civil Rights Act of 1966, 42.U.S.C. §1981;<br>5. Racial and/or Ethnic Origin Discrimination in Violation of FEHA, Cal. Gov't Code Section 12940 (a)<br>6. Failure to Investigate in violation of FEHA, Cal. Gov. Code section 12940(j) and (k)<br>7. Wrongful Termination in Violation of Public Policy<br>8. Negligent Infliction of Emotional Distress<br>9. Intentional Infliction of Emotional Distress<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

1

PLAINTIFF MINGTE CHEN complains and alleges as follows:

## I.   INTRODUCTION

1.      Plaintiff Mingte Chen brings this Complaint against his former employer, Infor, Inc., alleging race discrimination, national origin discrimination and age discrimination, wrongful termination retaliation, intentional infliction of emotional distress, and negligent infliction of emotional distress.  At all times during his employment Plaintiff Chen brought value to the team on which he worked in both the quality of his work, timeliness, ability to collaborate, and the skill in which he performed all projects assigned to him. Nonetheless, after about 18 months with Infor, absent any prior warning, negative review, or negative critique of his work, Plaintiff Chen was suddenly placed on a Performance Improvement Plan (PIP). The PIP was the beginning of a concerted effort by his direct supervisor and his supervisor's supervisor to terminate Plaintiff Chen in an effort to make space for younger Indian Engineers being brought to the company on H-1B Visas.[1]

## II.      JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over Plaintiff's complaint pursuant to 28 U.S.C. sections 1331 and 1343. This Court has jurisdiction over Plaintiff's state law claims pursuant to the Court's power of pendant jurisdiction over related state law claims.

3.      Venue is proper in the U.S. District Court for the Northern District of California pursuant to 28 U.S.C. section 1391, because the events giving rise to Plaintiff's complaint occurred within Alameda County in the City of Oakland which is within this judicial district.

## III.     PARTIES

4.      Plaintiff Mingte Chen is an adult Asian male of Taiwanese descent, residing in the State of California. Plaintiff is, and at all relevant times was, over the age of 40 (forty).

5.      Defendant Infor, Inc., is a global company, organized and existing under the laws of the State of Delaware, headquartered in New York, and conducting substantial business in the State of California. Defendant Infor, Inc. employed Plaintiff Mingte Chen in the State of California, County of Alameda.

[1] The US H-1B visa is a non-immigrant visa that allows US companies to employ graduate level workers in specialty occupations that require theoretical or technical expertise in specialized fields such as in IT, finance, accounting, architecture, engineering, mathematics, science, medicine, etc.

6. Plaintiff does not know the true names and capacities of defendants sued as Does 1 through 20. Plaintiff will amend the complaint to show the true names of each such defendant when their identities have been ascertained. Each of the Doe defendants encouraged, participated, ratified and approved the conduct complained of herein. Each Doe defendant was at all relevant times the agent, employee, or representative of the named Defendants and/or the other Doe defendants and was acting within the course and scope of such relationship.

## IV.     EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. On September April 19, 2017, Chen filed a complaint with the United States Equal Employment Opportunity Commission (EEOC), which was cross filed with the California Department of Fair Employment and Housing. The EEOC conducted an extensive investigation into Chen's allegations of misconduct by Defendant Infor, Inc.

8. On December 9, 2019, EEOC concluded its two and a-half-year investigation finding that Infor, Inc. discriminated against Plaintiff Mingte Chen. The EEOC attempted to resolve the matter by demanding Infor, Inc. pay damages to Chen. Additionally, EEOC demanded that Infor, Inc. engage in trainings, provide notices and submit reports as a part of the conciliation effort in an effort to stymie the discriminatory behavior at Infor, Inc.

9. On March 18, 2020, the EEOC recognized that conciliation efforts failed and issued a right to sue notice. (Attached as Exhibit 1.) Chen did not receive that notice until April 13, 2020. This complaint is filed within 90 days of Plaintiff receiving his right to sue.

## V.  GENERAL ALLEGATIONS

10. Plaintiff Mingte Chen was employed by Infor, Inc. as a Software Engineer from January 5, 2015 until his illegal, untimely and abrupt termination on or about March 27, 2017.

11. Chen was hired to be a Senior Software Engineer after an extensive weeks long interview process. The interview process consisted of a phone interview, a problem-solving test and two in-person interviews. The problem-solving test consisted of twelve advanced level questions which Chen was required to solve in a twenty-four-hour period. His in-person interviews were panel style with one interview session attended by twelve engineers who worked at Infor, Inc. in departments other than the one Chen was interviewing for. Prior to making an offer of employment to Chen his skills, expertise, and professional knowledge were extensively vetted.

12. Chen began his new position of Senior Engineer Position on January 5, 2015. His supervisor was Prashant Shoney, of Indian descent. Shoney reported to Sarvesh Mathur, director of Software Engineering, also of Indian descent.

13. The make-up of Chen's new team, who all reported to Shoney, consisted of 8 team members: Chen, Taiwanese, one Asian-American, and 6 Indian. Chen was the only team member over the age of 40.

14. From the date of his initial employment through the date of termination, Plaintiff was at all times a hardworking and dedicated employee. The following are examples of exemplary work he performed on critical, high-profile projects:

    a. Enhancing, troubleshooting, and debugging a SVC System for monitoring storage performance;

    b. Database design and implementation from server side to user interface of: reporting system (MMECR), inventory user configuration feature, inventory product and location attributes feature;

    c. Design and implementation of shipment "ETA" date feature;

    d. User Interface design - type ahead widget;

    e. Inventory bug fixes and feature enhancement;

    f. Providing cross team support to other departments including: sales, marketing and demo;

    g. Production rollout monitoring, verification, support, and troubleshooting on projects on an ongoing basis;

15. At no time before April 2016 was Chen given a poor performance review, negative feedback or negative critique of his work. Suddenly, on April 23, 2016, Chen was presented with and forced to sign a Performance Improvement Plan (PIP). The PIP contained no evidence of poor performance and contained vague and unquantifiable requests for improvement. When Chen requested further clarification of the manner in which he was failing to perform, Defendant, Infor, Inc., could not provide any specific examples or feedback to support their assertion that he was failing to perform.

16. After the April 23, 2016, PIP, Infor. Inc, knowingly, intentionally and systemically discriminated against Plaintiff, a Taiwanese male over the age of forty (40), by imposing groundless and

COMPLAINT

4

baseless negative feedback, disparaging him, hyper-monitoring, and hyper-criticizing him. The purpose of this baseless negative feedback and disparagement was to lay the groundwork to claim Plaintiff failed to follow the PIP and issue a new PIP in early 2017, right before Plaintiff's untimely and discriminatory termination.

17.     Between April 23, 2016 and March 23, 2017 when Plaintiff was terminated, it became increasingly evident that as Infor, Inc. was obtaining approval for younger, Indian workers on H-1B Visas, the company was interested in moving out non-Indian, older workers, such as Plaintiff.

18.     In early 2017, Plaintiff was given another PIP. This second PIP was based on the same groundless and baseless factors as the first PIP. This second PIP was given solely as a means to justify Plaintiff's discriminatory termination which occurred on March 27, 2017.

19.     As a result of Defendant's discriminatory actions, Plaintiff became anxious, depressed, worried, nervous, fearful, apprehensive and experienced trouble sleeping.

20.     Prior to April 23, 2016 when Plaintiff received his first PIP, Plaintiff's work at Infor, Inc., brought him joy and satisfaction. After the fraudulent PIP, Plaintiff sought clarification, advice and explanations on specifically what he needed to do to improve his performance. However, because the PIP was made up and unjustified, there was no explanation or clarification which further increased Plaintiff's anguish and emotional distress.

21.     Plaintiff was terminated in March 27, 2017, solely because he was an Asian, over the age of forty (40) and of Taiwanese descent. As a result of his discriminatory termination, Plaintiff was devastated, embarrassed, humiliated, ashamed, and his professional reputation was irreparable tarnished.

### VI.     CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### Age Discrimination in violation of FEHA, Cal. Gov't Code §12940

(Against all DEFENDANTS and DOES 1-20)

22.     Plaintiff repeats and reincorporate herein all preceding paragraphs of this Complaint as though set forth full herein.

23.     Plaintiff was an employee of Defendant within the meaning of the Fair Employment and Housing Act, California Government Code section 12940 et seq.

24.    Defendant Infor, Inc. is an employer within the meaning of the Fair Employment and Housing Act, Government Code Sections 12926 and 12940.

25.    Plaintiff was over the age of forty at the time of his employment, discipline and termination from Infor, Inc., and is in a group protected by the California Fair Employment and Housing Act [California Government Code §12900, et seq.] based on his age.

26.    Defendant consistently denied Plaintiff opportunity for growth, promotion, and overlooked this accomplishments and contributions, constituting disparate treatment in that it was based on the fact that Plaintiff is over the age of 40.

27.    Defendant's policy, practice, routine and pervasive discrimination against Plaintiff and employees over the age of forty causes individuals who are similarly situated as Plaintiff to be demonstrably disadvantaged by depriving said individuals from continuing gainful employment with Infor, Inc., despite superior qualifications and job performance, in favor of younger, Indian Engineers on H-1B Visas. Defendant's policy and practice is not justified by any business necessity.

28.    As a direct and proximate result of Defendants, and each of their, unlawful conduct and discrimination, Plaintiff has suffered damages including but not limited to loss of wages, salary, benefits, and additional amounts of money that Plaintiff would have received if he had been retained as an employee with Infor, Inc. and Does 1 through 20, and each of them.

29.    As a further direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress in a sum according to proof.

30.    Defendants, and each of them, have acted despicably with a willful and conscious disregard of the rights of Plaintiff, in their own interests, subjecting Plaintiff to unjust hardship and suffering.  Therefore, in addition to compensatory damages, Plaintiff is entitled to recover punitive and exemplary damages from Defendants in an amount to be proven at trial.

31.    Plaintiff is entitled to his reasonable attorneys' fees and costs of suit.

## SECOND CAUSE OF ACTION

COMPLAINT

**Age Discrimination in Violation of Employment Act of 1967, as amended, 29 U.S.C. § § 621 to 634.**

(Against all DEFENDANTS and DOES 1-20)

32.    Plaintiff repeats and reincorporate herein all preceding paragraphs of this Complaint as though set forth full herein.

33.    Plaintiff was an employee of Defendant within the meaning of the Employment Act of 1967, as amended, 29 U.S.C. § § 621 to 634.

34.    Defendant Infor, Inc. is an employer within the meaning of Employment Act of 1967, as amended, 29 U.S.C. § § 621 to 634.

35.    Plaintiff was over the age of forty at the time of his employment, discipline and termination from Infor, Inc., and is in a group protected by the Employment Act of 1967, as amended, 29 U.S.C. § § 621 to 634 based on his age.

36.    Defendant consistently denied Plaintiff opportunity for growth, promotion, and overlooked his accomplishments and contributions, constituting disparate treatment in that it was based on the fact that Plaintiff is over the age of 40.

37.    Defendant's policy, practice, routine and pervasive discrimination against Plaintiff and employees over the age of forty causes individuals who are similarly situated as Plaintiff to be demonstrably disadvantaged by depriving said individuals from continuing gainful employment with Infor, Inc., despite superior qualifications and job performance, in favor of younger, Indian Engineers on H-1B Visas. Defendant's policy and practice is not justified by any business necessity.

38.    As a direct and proximate result of Defendants, and each of their, unlawful conduct and discrimination, Plaintiff has suffered damages including but not limited to loss of wages, salary, benefits, and additional amounts of money that Plaintiff would have received if he had been retained as an employee with Infor, Inc. and Does 1 through 20, and each of them.

39.    As a further direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress in a sum according to proof.

40.    Defendants, and each of them, have acted despicably with a willful and conscious disregard of the rights of Plaintiff, in their own interests, subjecting Plaintiff to unjust hardship and suffering.

Therefore, in addition to compensatory damages, Plaintiff is entitled to recover punitive and exemplary damages from Defendants in an amount to be proven at trial.

41.   Plaintiff is entitled to his reasonable attorneys' fees and costs of suit.

### THIRD CAUSE OF ACTION

**Failure to Take Preventive Action in violation of FEHA, Cal. Gov't Code Section 12900, 12940(k) et seq.**
(Against all DEFENDANTS and DOES 1-20)

42.   Plaintiff reincorporates herein all preceding paragraphs of this complaint as though fully set out below.

43.   The above-described actions of Defendants constitute failure to take all steps reasonably necessary to prevent discrimination and retaliation from occurring, in violation of California Government Code section 12940(k).

44.   As a proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer substantial loss of earning and other employment benefits, and has suffered and continues to suffer severe embarrassment, humiliation, and mental anguish, all to his damage in an amount according to proof.

45.   Plaintiff is entitled to his reasonable attorneys' fees and costs of suit.

### FOURTH CAUSE OF ACTION

**Racial and/or Ethnic Origin Discrimination in Violation of Civil Rights Act of 1966, 42.U.S.C. §1981**
(Against all DEFENDANTS and DOES 1-20)

46.   Plaintiff reincorporates herein all preceding paragraphs of this complaint as though fully set out below.

47.   Defendant consistently denied Plaintiff opportunity for growth, promotion, and overlooked his accomplishments and contributions, constituting disparate treatment in that it was based on Plaintiff's color and ethnic origin.

48.   The conduct of Defendants, and each of them, in unfairly reprimanding Plaintiff and terminating Plaintiff was intentional discrimination by Defendants, and each of them based on ethnic origin.

COMPLAINT

8

49.   As a direct and proximate result of Defendants, and each of their, unlawful conduct and discrimination, Plaintiff has suffered damages including but not limited to loss of wages, salary, benefits, and additional amounts of money that Plaintiff would have received if he had been retained as an employee with Infor, Inc. and Does 1 through 20, and each of them.

50.   As a further direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress in a sum according to proof.

51.   Defendants, and each of them, have acted despicably with a willful and conscious disregard of the rights of Plaintiff, in their own interests, subjecting Plaintiff to unjust hardship and suffering. Therefore, in addition to compensatory damages, Plaintiff is entitled to recover punitive and exemplary damages from Defendants in an amount to be proven at trial.

52.   Plaintiff is entitled to his reasonable attorneys' fees and costs of suit.

### FIFTH CAUSE OF ACTION

**Racial and/or Ethnic Origin Discrimination in Violation of FEHA, Cal. Gov't Code Section 12940 (a)**
(Against all DEFENDANTS and DOES 1-20)

53.   Plaintiff reincorporates herein all preceding paragraphs of this complaint as though fully set out below.

54.   Defendant consistently denied Plaintiff opportunity for growth, promotion, and overlooked his accomplishments and contributions, constituting disparate treatment in that it was based on Plaintiff's color and ethnic origin.

55.   The conduct of Defendants, and each of them, in unfairly reprimanding Plaintiff and terminating Plaintiff was intentional discrimination by Defendants, and each of them based on ethnic origin.

56.   As a direct and proximate result of Defendants, and each of their, unlawful conduct and discrimination, Plaintiff has suffered damages including but not limited to loss of wages, salary,

COMPLAINT

9

benefits, and additional amounts of money that Plaintiff would have received if he had been retained as an employee with Infor, Inc. and Does 1 through 20, and each of them.

57.    As a further direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress in a sum according to proof.

58.    Defendants, and each of them, have acted despicably with a willful and conscious disregard of the rights of Plaintiff, in their own interests, subjecting Plaintiff to unjust hardship and suffering. Therefore, in addition to compensatory damages, Plaintiff is entitled to recover punitive and exemplary damages from Defendants in an amount to be proven at trial.

Plaintiff is entitled to his reasonable attorneys' fees and costs of suit.

### SIXTH CAUSE OF ACTION

**Failure to Investigate in violation of FEHA, Cal. Gov. Code section 12940(j) and (k)**
(Against all DEFENDANTS and DOES 1-20)

59.    Plaintiff reincorporates herein all preceding paragraphs of this complaint as though fully set out below.

60.    At all relevant times, the California Fair Employment & Housing Act, sections 12940, et seq., was in full force and effect, and binding on Defendants.

61.    Plaintiff was an employee of Defendant within the meaning of the Fair Employment and Housing Act, California Government Code section 12940 et seq.

62.    Defendant Infor, Inc. is an employer within the meaning of the Fair Employment and Housing Act, Government Code Sections 12926 and 12940.

63.    The Fair Employment and Housing Act, Cal. Gov. Code section 12940(j) and (k) an employer has an affirmative duty to take all reasonable steps necessary to prevent discrimination and harassment from occurring, including conducting a formal workplace investigation.

64.    Plaintiffs were subjected to discrimination in the course of employment, as described above.

65. Defendants failed to take all reasonable steps to prevent the discrimination from occurring including conducting a formal workplace investigation.

66. As a proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer severe embarrassment, humiliation, and mental anguish, all to his damage in an amount according to proof.

67. Plaintiff is entitled to his reasonable attorneys' fees and costs of suit.

### SEVENTH CAUSE OF ACTION

**Wrongful Termination In Violation Of Public Policy**
(Against all DEFENDANTS and DOES 1-20)

68. Plaintiff reincorporates herein all preceding paragraphs of this complaint as though fully set out below.

69.  At all times relevant Plaintiff was an employee of Defendant, and Defendant was Plaintiff's employer.

70. Plaintiff is informed and believes and thereon alleges that such actions by the Defendant were because of his race or the desire of Defendant to discriminate against similar employees as a group, or that the Plaintiff's race was an impermissible factor in the Defendant's action.

71. Defendant's conduct breached the public policy of the State of California, in that it is public policy that employers, such as Defendant, not use an employee's race or national origin in any employment decision.

72. Defendant violated fundamental public policy in the State of California that employees be free from unlawful harassment, discrimination and retaliation.

73. As a direct and proximate result of Defendants, and each of their, unlawful conduct and discrimination, Plaintiff has suffered damages including but not limited to loss of wages, salary, benefits, and additional amounts of money that Plaintiff would have received if he had been retained as an employee with Infor, Inc. and Does 1 through 20, and each of them.

74. As a further direct and proximately result of Defendant's unlawful conduct, Plaintiff has suffered inconvenience, humiliation, mental anguish and emotional distress in an amount according to proof.

75.    The Defendants have acted despicably with a willful and conscious disregard of the rights of the Plaintiff, subjecting Plaintiff to unjust hardship and suffering.  Therefore, Plaintiff is entitled to recover punitive and exemplary damages from the Defendant in an amount to be proven at trial.

**EIGHTH CAUSE OF ACTION**

**Negligent infliction of emotional distress**
(Against all DEFENDANTS and DOES 1-20)

76.    Plaintiff reincorporates herein all preceding paragraphs of this complaint as though fully set out below.

77.    Defendant's failure to address a racially hostile and retaliatory environment, exceeds the bounds of decency, is intolerable within our civilized community, and is therefore outrageous.

78.    By negligently allowing behavior as outrageous as discussed *supra* and by allowing disparate treatment to continue – Plaintiff was caused emotional distress.

79.    Defendant caused Plaintiff to suffer extreme emotional distress, as indicated by the lingering anxiety and shame that are the direct and proximate results of Defendant's conduct.

80.    As a proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof.  Further, said actions were despicable in character and warrant the imposition of punitive damages in a sum sufficient to punish and to deter Defendant from such conduct in the future.

**NINTH CAUSE OF ACTION**

**Intentional infliction of emotional distress**
(Against all DEFENDANTS and DOES 1-20)

81.    Plaintiff reincorporates herein all preceding paragraphs of this complaint as though fully set out below.

82.    Defendant's treatment of Plaintiff as discussed *supra*, exceeds the bounds of decency, is intolerable within our civilized community, and is therefore outrageous.

83.    Defendant's actions, as discussed *supra,* were intended to cause Plaintiff to suffer the resulting emotional distress.

84.   Defendant succeeded in his attempt to cause Plaintiff to suffer extreme emotional distress as indicated by the lingering anxiety and shame, and that are the direct and proximate results of Defendant's conduct.

85.   As a proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof.  Further, said actions were despicable in character and warrant the imposition of punitive damages in a sum sufficient to punish and to deter Defendant from such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

1.   Compensatory damages including emotional distress damages and lost wages, benefits and interest in a sum according to proof;

2.   Interest on judgment, including prejudgment interest, at the legal rate;

3.   Punitive damages in a sum according to proof;

4.   Attorneys' fees and costs; and

5.   For any further legal and equitable relief the Court deems proper.

Dated:  June 15, 2020

By:_____/s/_____
            David S. Ratner
            Attorney for Plaintiff

COMPLAINT

13

**JURY DEMAND**

Plaintiffs hereby demand a jury trial.


Dated:  June 15, 2020


By:_____/s/_____
                David S. Ratner
                Attorney for Plaintiff